THOMAS GRACE,

*v.*

PATRICK DONOVAN.

*Held,* That the repeal of the act of February 3, 1862, by the General Statutes of 1866, did not restore any right or lien divested or determined by said act.

On the 26th of August, 1859, Richard Ireland being then the owner of certain real estate in this State, duly conveyed the same to Thomas Grace, the plaintiff.

On the 29th day of June, 1859, Patrick Donovan, the defendant, recovered a judgment against Ireland in the District Court for Ramsey County, which was on the 6th day of July, 1859, docketed in Le Sueur County, where the said real estate is situated.

On the 4th day of January, 1867, for the first time, execution was issued on the judgment and the said real estate taken in execution thereunder and advertised to be sold to satisfy the same.

Plaintiff brings suit to quiet title, &c. The defendant demurred and the demurrer was overruled, and from the order overruling the demurrer, defendant appeals to this Court.

JAMES GILFILLAN, for Appellant.

H. J. HORN, for Respondent.

Grace v. Donovan.

*By the Court.*—WILSON, CH. J.   It is argued in this case that if the act of February 3, 1862, determined the lien of the defendant's judgment, the repeal of the act by the General Statutes of 1866 restored it.   We think this view could not be sustained if the General Statutes were silent as to the effect of such repeal, but the language of chapter 121 of said statutes, by saving any right "accruing, accrued or established," shows beyond a doubt that the repeal has not and was not intended to have such effect.   All the other questions in the case are passed on in *Burwell vs. Tullis*.

The order appealed from is affirmed.